# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER QUERO, COURTNEY
FRANCIS, and KELLIN RODRIGUEZ,

       PLAINTIFFS

             CASE NO. 18-CV-9509

      v.

U.S. DEPARTMENT OF EDUCATION,

       DEFENDANT

## DECLARATION OF CHRISTIAN LEE ODOM FOR DEFENDANT
## UNITED STATES DEPARTMENT OF EDUCATION

I, CHRISTIAN LEE ODOM, in accordance with 28 U.S.C §1746, hereby state as follows:

1.     I am a Management and Program Analyst employed by the U.S. Department of Education's Office of Federal Student Aid ("Education").

2.     As a Management and Program Analyst, my primary function is to provide operational oversight of Title IV loan, grant, and specialty programs, on the behalf of Education. My responsibilities include, but are not limited to: (1) providing background information on loans held by Education; (2) providing information regarding Title IV programs and Education's loan origination process/systems; (3) providing testimony by submission of a declaration/affidavit; and (4) facilitating settlement and negotiation on behalf of Education.

3.     As a Management and Program Analyst, I am familiar with Education's standard practices with respect to Closed School Discharge.

4.     The information in this declaration is based on knowledge gained in the course of my official responsibilities and based on a review of records/data held by Education, or its agents,

relating to Christopher Quero, Courtney Frances, and Kellin Rodriguez, as well as Technical Career Institutes, Inc. ("TCI").

**OVERVIEW OF EDUCATION'S ROUTINE CLOSED SCHOOL DISCHARGE NOTIFICATION PROCEDURES.**

5.       Pursuant to 34 C.F.R. §685.214(f)(2), once Education becomes aware of a closure of a school, it publishes this information in the Postsecondary Education Participation System ("PEPS") and makes such information available to Federal Loan Servicers ("Servicers") via a direct data extract or report provided weekly[1].  Once the closure information is made available to Servicers, Education's contractual requirement directs Servicers to identify all Title IV loan borrowers who were in attendance at the time of closure or who withdrew within the 120 days before closure.  The Servicers are required to send to all the borrowers thus identified a closed school discharge application and an explanation of the qualifications and procedures for obtaining a closed school discharge ("Application and Instructions")[2]. Servicers are required to suspend collection on any affected loan for borrowers thus identified for 60 days[3], to allow borrowers time to submit a closed school discharge application. 34 C.F.R. §685.214(f)(2), 34 C.F.R. §685.214(f)(4).  If the borrower does not submit an application within 60 days of the

---

[1] There may be some delay in the date a school is listed as closed in PEPS, due to the need to gather and verify required information from schools as part of the closure process.

[2] An Application and Instructions may consist of a paper application mailed to the borrower. Borrowers who have elected to receive electronic communication may instead receive a notice that contains a link to download the application.

[3] Borrowers who are in Grace status are not subject to collections and therefore do not need the 60-day administrative forbearance as described in 34 CFR 685.214(f)(2) and (f)(4). Therefore, the 60-day administrative forbearance to suspend collection efforts is used only where applicable.

2

mailing of the discharge application, the Servicer may resume collection on the borrower's loan. 34 C.F.R. §685.214(f)(4).

6.      Education monitors compliance with the above requirements through regular offsite monitoring and onsite examinations performed on as-needed basis. Such oversight activities are conducted across all Servicers

7.      Effective October 16, 2018, Education is also required to provide borrowers with "another discharge application and an explanation of the requirements and procedures for obtaining a discharge" "[u]pon resuming collection" if a borrower does not submit a closed school discharge application within the 60 day period.  34 C.F.R. §685.214(f)(5).[4]  Education is in the process of implementing contractual changes requiring all Servicers to comply with this requirement.

**EDUCATION'S CLOSED SCHOOL DISCHARGE NOTIFICATIONS OF TCI STUDENTS.**

8.      TCI closed on or about September 1, 2017. On or about September 21, 2017, Education updated PEPS with closure information related to TCI. Information about the TCI closure was then made available to Servicers via weekly reporting and direct data extract. With one exception, discussed below, all Servicers servicing the loans of former TCI students promptly complied with Education's requirement to identify, among borrowers whose loans they service, borrowers who attended TCI at the time of closure or who withdrew within the 120 days before its September 1, 2017 closure.  All Servicers except one sent borrowers thus identified closed

_____

[4] 34 CFR §685.214(f)(5) went into effect on October 16, 2018, after being delayed for over a year, pursuant to a court order in *Bauer v. DeVos*, No. CV 17-1330 (RDM).

school discharge applications, and suspended collection efforts on affected loans for those students for 60 days (where applicable).

9.      Education became aware of non-compliance by one of the Servicers, Oklahoma Student Loan Assistance ("OSLA"), during a routine offsite monitoring, which examined Closed School Discharge processing for each Servicer, that was conducted between December 2017 and September 2018. The issue was immediately documented, as part of the offsite monitoring process, and corrections were recommended.

10.     On or about November 20, 2018, Education requested that OSLA implement an official, final Corrective Action Plan ("CAP") to require and document adherence to regulatory and contractual requirements on a going-forward basis. Additionally, the CAP instructed OSLA to send an Application and Instructions to all previously missed borrowers who were potentially eligible for closed school discharge—including borrowers who had attended TCI—and to suspend collection on any affected loans.

11.     OSLA sent closed school discharge applications to all potentially eligible TCI borrowers, and suspended collection on any affected loans (where applicable), on or about November 27, 2018.

**SPECIFICS REGARDING CHRISTOPHER QUERO, COURTNEY FRANCIS, AND KELLIN RODRIGUEZ.**

**Kellin N. Rodriguez**

12.     Mr. Rodriguez's loans are serviced by PHEAA/ FedLoan Servicing. That Servicer provided an Application and Instructions to Mr. Rodriguez electronically on or about October 6, 2017[5]. A true and correct copy of the notice is attached hereto as Exhibit A. Mr. Rodriguez's loans were in Grace (non-repayment) Status through February 2018, and therefore a 60-day suspension of collections was not needed.

**Courtney D. Francis**

13.     Mr. Francis's loans are serviced by EdFinancial Services. That Servicer provided an Application and Instructions to Mr. Francis electronically on or about October 3, 2017[6]. A true and correct copy of the loan servicing history and template notice are attached hereto as Exhibits B. Mr. Francis's loans were in Grace (non-repayment) Status through February 2018, and therefore a 60-day suspension of collections was not needed. Mr. Francis submitted a closed school discharge application to Education on or about October 30, 2018. A true and correct copy of that application and Mr. Francis's loan history are attached hereto as Exhibit C. Mr. Francis's

---

[5] This documentation was made available to the student/borrower via his online student loan account portal. This method involves an email sent to the borrower, notifying him or her that official correspondence from Education is available on the student/borrower's online portal. The student/borrower can then log into the online portal to read such correspondence. This delivery method was utilized based on the student/ borrower's selection at the time of loan assignment. Mr. Rodriguez opted to receive electronic correspondence on StudentLoans.Gov. A true and correct copy of Mr. Rodriguez's StudentLoans.Gov preferences is attached hereto as Exhibit E.

[6] This documentation was made available to the student/borrower via his online student loan account portal. This delivery method was utilized based on the student/ borrower's selection at the time of loan assignment. Mr. Francis opted to receive electronic correspondence on StudentLoans.Gov. A true and correct copy of Mr. Francis's StudentLoans.Gov preferences is attached hereto as Exhibit F.

application was approved by Education and the affected loans were discharged on or about December 1, 2018.  *See* Exhibit C.

**Christopher Quero**

14.     Mr. Quero's loans were serviced by OSLA.   OSLA did not send an Application and Instructions to Mr. Quero following notification of the school's closure. Nevertheless, Mr. Quero submitted a closed school discharge application to Education on or about November 6, 2018. This application was approved by Education and the affected loans were discharged on or about December 4, 2018. A true and correct copy of the letter informing Mr. Quero that his loan discharge application was approved is attached hereto as Exhibit D.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief:

Executed on: **February 08, 2019**

_____
CHRISTIAN LEE ODOM
MANAGEMENT AND PROGRAM ANALYST
U.S. DEPARTMENT OF EDUCATION
OFFICE OF FEDERAL STUDENT AID