UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER QUERO, COURTNEY
FRANCIS, and KELLIN RODRIGUEZ,
individually and on behalf of all persons similarly
situated,

                    Plaintiffs,

                                                No. 18 Civ. 9509 (GBD)

            -against-


                                                **DECLARATION OF
                                                JESSICA RANUCCI**

ELISABETH DEVOS, in her official capacity as
Secretary of the United States Department of
Education,

                    Defendant.

Jessica Ranucci hereby declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

1.      I am an attorney in the Special Litigation Unit at the New York Legal Assistance

Group, which represents Plaintiffs in this action.

2.      NYLAG is a nonprofit organization that provides high quality, free civil legal

services to low-income New Yorkers who cannot afford attorneys in a number of fields,

including consumer protection.

3.      I submit this declaration in support of Plaintiffs' Opposition to Defendant's

Motion to Dismiss the Complaint.

**Closed School Discharge**

4.      My colleagues at NYLAG and I have spoken to over two dozen former TCI

1

students who were enrolled in the school at or around the time of closure. None reported having received a notice of potential closed school discharge eligibility from the Department, and all but one of these students was unaware of the availability of closed school discharge before speaking with my office. The one student who was aware of the availability of the discharge reported that she never received a notice but learned about the discharge when speaking on the phone with her loan servicer.

5.      Many of these TCI students have enrolled at other for-profit schools.

6.      Attached as **Exhibit A** is the closed school discharge application form currently in use, also available in the Department's online "Form Directory," https://studentloans.gov/myDirectLoan/formLibrary.action.

7.      I have assisted a number of former TCI students in applying for a closed school discharge.

8.      I recently assisted one former TCI student in applying for and obtaining a closed school discharge. He did not receive the notice from the Department and was unaware of the discharge before speaking with my office. I reviewed his credit score on the day before and the day after the discharge was reported to the credit bureaus, and saw that his credit score increased by sixty-seven points immediately after the discharge was reported.

9.      After the Complaint in this case was filed, I submitted closed school discharge applications on behalf of Mr. Francis, Mr. Rodriguez, and Mr. Quero. I submitted Mr. Quero's application on November 2, 2018 and, on December 4, 2018, OSLA approved Mr. Quero's discharge. EdFinancial approved Mr. Francis's discharge application. Mr. Rodriguez has not been notified of any decision on his application.

2

**Informal Discovery**

10.     Pursuant to the Court's direction at the Initial Conference on February 21, 2019, the Parties exchanged informal discovery on March 28 and 29, 2019.

11.     Attached as **Exhibit B** is a copy of Plaintiffs' requests to the Government, dated February 28, 2019. Attached as **Exhibit C** is a copy of the Government's response to Plaintiffs' requests, dated March 29, 2019.

12.     Attached as **Exhibit D** are template emails produced by the Government (DOE001-002, DOE0009).

13.     Attached as **Exhibit E** are studentloans.gov terms version 13.0, produced by the Government (DOE0031-0048).

14.     Attached as **Exhibit F** are studentloans.gov terms version 14.3, produced by the Government (DOE0049-60).

15.     Attached as **Exhibit G** are records reflecting Mr. Francis and Mr. Rodriguez's account creation dates produced by the Government (DOE0007, DOE0062). Out of an abundance of caution, I have redacted all information in these documents other than the Plaintiffs' names and the dates the accounts were created.

16.     **Exhibits H-M**, described below, are documents that were produced by Plaintiffs to the Government on March 28, 2019.

**Email Searches**

17.     With Mr. Rodriguez's permission, I searched his email account on February 14, 2019. With Mr. Francis's permission, I searched his email account on March 15, 2019. With Mr. Quero's permission, I searched his email account on March 18, 2019.

18.     Attached as **Exhibits H-J** are true and correct copies of emails that I obtained

through these searches of Plaintiffs' email accounts. I redacted  Plaintiffs' email addresses and privileged material reflecting transmission of the produced emails from the Plaintiffs' email accounts to counsel.

19.     After a diligent search, I could not locate any emails to Mr. Francis from his Servicer dated October 3, 2017.

20.     After a diligent search, I could not locate any emails to Mr. Rodriguez from his Servicer dated October 6, 2017. I could not locate any email to Mr. Rodriguez from his Servicer from October or November 2017.

21.     Attached as **Exhibit H** are emails sent to Mr. Francis from his Servicer with the subject line "You Have a New Message to View from EdFinancial Services."

22.     Attached as **Exhibit I** are emails sent to Mr. Rodriguez from his Servicer with the subject line "A New Message is Waiting for You to View," or similar.

23.     Attached as **Exhibit J** are additional emails sent to Plaintiffs from their Servicers.

24.     I reviewed each and every email sent to Plaintiffs by their Servicers or the Department. None mentioned closed school discharge. None stated that creating an Online Servicer Account was mandatory. None stated consequences from failure to set up an Online Servicer Account.

25.     When searching Mr. Quero's emails, I saw that Mr. Quero was contacted by a third-party student loan debt relief company that sought to charge him hundreds of dollars for enrollment in affordable payment plans that are available for free from the government.

**Online Servicer Accounts**

26.     As part of my practice at NYLAG, I have assisted many federal student loan borrowers and have viewed many borrowers' Online Servicer Accounts.

4

27.     In my experience, a borrower cannot view any of the information that is available through the Online Servicer Account unless and until he or she creates an Online Servicer Account.

28.     In my experience, the Servicers' websites do not use the borrower's username and password from any government website, and require borrowers to create a new username and password in order to create an account.

29.     Mr. Francis and Mr. Rodriguez did not have Online Servicers Accounts until I assisted them in creating these accounts.

30.     On September 26, 2018, my colleagues and I assisted Courtney Francis in creating an Online Servicer Account with his Servicer, EdFinancial. When our office accessed Mr. Francis's online Servicer account, we viewed a notice regarding closed school discharge, which is attached hereto as **Exhibit K** (I have redacted Mr. Francis's full address and account number). Mr. Francis has never seen this notice.

31.     On September 26, 2018, my colleagues and I assisted Mr. Rodriguez in creating an Online Servicer Account with his Servicer, FedLoan.

**TCI's Bankruptcy**

32.     Attached as **Exhibit L** is the Notice of Possible Dividends sent to Plaintiffs and other creditors in TCI's Chapter 7 bankruptcy, *In re Technical Career Institutes, Inc.*, No. 17-13232 (Bankr. S.D.N.Y.).

33.     Attached as **Exhibit M** are pro se Proofs of Claim filed by Plaintiffs in TCI's Chapter 7 bankruptcy. I have redacted certain contact information to protect Plaintiffs' privacy.

Dated: April 11, 2019
New York, New York

Jessica Ranucci