UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

CHRISTOPHER QUERO, COURTNEY
FRANCIS, and KELLIN RODRIGUEZ,
individually and on behalf of all persons
similarly situated,

           Plaintiffs,

   -v-

ELISABETH DEVOS, in her official capacity as
Secretary of the United States Department of
Education,

           Defendant.

---------------------------------------------------------------- x

Case No. 18 Civ. 9509 (GBD)

## DECLARATION OF CHAD KELLER IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

I, CHAD KELLER, in accordance with 28 U.S.C §1746, hereby state as follows:

1.    I am a Supervisory Management and Program Analyst employed by the U.S. Department of Education's ("Department") Office of Federal Student Aid.

2.    As a Management and Program Analyst, my primary function is to provide operational oversight of Title IV loan, grant, and specialty programs, on the behalf of the Department. As a Management and Program Analyst, I am familiar with the Department's policies and practices with respect to the discharge of student loans in the event a school closes.

3.    The information in this declaration is based on knowledge gained in the course of my official responsibilities and a review of records and data held by the Department, as well as documents and information provided by the federal loan servicers with whom the Department contracts.

4. As set forth in more detail in the declaration previously submitted by Christian Lee Odom in this case, the Department contracts with federal loan servicers to service loans provided by the Department pursuant to the Higher Education Act and its implementing regulations. One of the servicers' obligations is to provide notice to students, in the event their school closes, of their potential eligibility for discharge of their student loans, in accordance with 34 C.F.R. § 685.214(f)(2).

5. Where students have elected through the Department to receive correspondence electronically, the servicers generally provide notice by that means. This generally means placing correspondence into the student's online account portal, and sending an email notification, to the email address the student has provided, that correspondence has been posted to their account and they should log onto the online portal to read it. True and correct copies of the Department's Terms and Conditions applicable to the election of electronic correspondence, and the preference election presented to borrowers, as of August 29, 2014, and September 14, 2016, are attached hereto as Exhibits A and B.

6. Where students have not elected to receive electronic correspondence, the servicers provide all required notice in writing by mail.

## INFORMATION REGARDING CHRISTOPHER QUERO, COURTNEY FRANCIS, AND KELLIN RODRIGUEZ

### Courtney D. Francis

7. On September 14, 2016, Mr. Francis elected through his Department profile to receive electronic correspondence. A true and correct copy of documentation of that election was attached to the declaration of Christian Lee Odom previously submitted in this case as Exhibit F.

8. On or about October 12, 2016, Mr. Francis's loans were assigned to be serviced by EdFinancial Services ("EdFinancial"). On October 12, 2016, EdFinancial sent Mr. Francis a letter explaining that his loans had been assigned to EdFinancial, and directing him to EdFinancial's website, where he could find additional information regarding his loans and set up and manage his account. A true and correct copy of a template of that letter is attached hereto as Exhibit C, and a screenshot of Mr. Francis's borrower history showing that the letter was sent on that date is attached hereto as Exhibit D.

9. On October 20, 2016, Mr. Francis received an email from EdFinancial instructing him on how to set up his online account. A copy of that email was produced by Plaintiffs in this action and is attached hereto as Exhibit E.

10. On or about October 3, 2017, EdFinancial posted a letter to Mr. Francis's online account, informing him that he might be eligible for a discharge of his loans. A copy of that letter was produced by Plaintiffs in this action and is attached hereto as Exhibit F Additionally, EdFinancial sent Mr. Francis an email at the address he had provided, notifying him that there was a new message in his account and he should log on to retrieve it. EdFinancial has informed the Department that it does not have a copy of the actual email sent to Mr. Francis because it does not maintain emails for that length of time. A true and correct copy of a template of that email is attached hereto as Exhibit G, and documentation reflecting that the email was sent is attached hereto as Exhibit H.

11. Because Mr. Francis's loans were in grace (non-repayment) status through February 2018, a 60-day suspension of collections was not needed.

12. Mr. Francis submitted a closed school discharge application to Education on or about October 30, 2018, and it was approved on or about December 1, 2018. A copy of Mr. Francis's application and loan history were attached to the declaration previously submitted by Christian Lee Odom in this case, as Exhibit C.

**Kellin N. Rodriguez**

13. On August 29, 2014, when setting up his profile with the Department, Mr. Francis elected to receive electronic correspondence. A true and correct copy of documentation of that election is attached hereto as Exhibit I.

14. On or about September 10, 2014, Mr. Rodriguez's loans were assigned to be serviced by PHEAA/ FedLoan Servicing ("FedLoan"). On September 10, 2014, FedLoan sent Mr. Rodriguez a letter explaining that his loans had been assigned to FedLoan, and suggesting that he set up an online account. A true and correct copy of that letter is attached hereto as Exhibit J.

15. On June 16, 2015, FedLoan sent Mr. Rodriguez an email stating that he had indicated on StudentLoans.gov that he wanted to receive communications about his student loan account electronically, and that, accordingly, FedLoan would be sending information regarding his loans to his paperless inbox in his online account, and would notify him by email that correspondence had been placed there. A copy of that letter was produced by Plaintiffs in this action and is attached hereto as Exhibit K.

16. On October 6, 2017, FedLoan posted a letter to Mr. Rodriguez's online account informing him that he might be eligible for a closed school discharge. A true and correct copy of that letter is attached hereto as Exhibit L. Additionally, FedLoan sent Mr. Rodriguez an email notifying him that he had received a new message in his account and to log into his FedLoan account to view it. FedLoan has informed the Department that it does not have a copy of the

actual email sent to Mr. Rodriguez because it does not maintain emails for that length of time. A true and correct copy of a template of that email is attached hereto as Exhibit M, and a true and correct copy of documentation that the email was sent is attached hereto as Exhibit N.

17. Because Mr. Rodriguez's loans were in grace (non-repayment) status through February 2018, a 60-day suspension of collections was not needed.

18. On December 18, 2018, Mr. Rodriguez applied for a discharge of his student loans. The Department approved Mr. Quero's application for discharge on or about March 5, 2019.

**Christopher Quero**

19. Mr. Quero's loans were serviced by Oklahoma Student Loan Association ("OSLA"). OSLA did not timely send notice of potential eligibility of closed school discharge to its students after Technical Career Institutes, Inc. closed on September 1, 2017, as required. OSLA sent such notice to its students on or about November 27, 2018. OSLA sent a second notice to its students on or about February 22, 2019.

20. OSLA did not send such a notice to Mr. Quero because he had already applied for discharge of his loans.

21. The Department approved Mr. Quero's application for discharge of his loans, and his loans were discharged, on or about December 4, 2018. A true and correct copy of the letter informing Mr. Quero that his loan discharge application had been approved was attached to the declaration previously submitted by Christian Lee Odom in this action as Exhibit D.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: San Francisco, California

April 25, 2019

CHAD KELLER
SUPERVISORY PROGRAM AND
MANAGEMENT ANALYST
U.S. DEPARTMENT OF EDUCATION
OFFICE OF FEDERAL STUDENT AID