| | |
|---|---|
| CHRISTOPHER QUERO, COURTNEY FRANCIS, and KELLIN RODRIGUEZ, individually and on behalf of all persons similarly situated,<br><br>     Plaintiffs,<br><br>-against-<br><br>ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education,<br><br>     Defendant. | No. 18 Civ. 9509 (GBD) |

# SUR-REPLY MEMORANDUM OF LAW
## IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

NEW YORK LEGAL ASSISTANCE GROUP
7 Hanover Square
New York, NY 10004
(212) 613-5000
*Attorney for Plaintiffs*

# ARGUMENT

Defendant's Reply does nothing to strengthen its motion to dismiss, which plainly lacks merit. Defendant's primary argument is that Plaintiffs Christopher Quero, Courtney Francis, and Kellin Rodriguez lack standing, but Plaintiffs' Complaint pleads the following facts, each of which discovery has now established is undisputed: Defendant did not "mail[]" any of the three Plaintiffs Notice of their right to a federal loan discharge, as required by 34 C.F.R. § 685.214(f)(2)[1]; Plaintiffs did not receive such a Notice[2]; and Plaintiffs suffered resulting injury.[3] Under directly applicable Second Circuit precedent, Plaintiffs have standing, and their claims are not moot. *See Salazar v. King*, 822 F.3d 61 (2d Cir. 2016).

The Department admits that it did not mail the Notice to any of the three Plaintiffs, but defends its failure to do so by claiming that it otherwise "provided" the Notice to Plaintiffs Francis and Rodriguez when private third parties "posted" these Notices in "online account[s]."[4] It is undisputed, however, that the accounts in which the Notices were supposedly posted did not exist, and that the Department knew that fact.[5]

"Provid[ing]" the Notices in a manner that is certain *not* to reach the intended recipients is insufficient to meet the Department's regulatory obligation, and also profoundly unfair. In explaining that insufficiency and unfairness, Plaintiffs' Opposition did not assert any "new"

---

[1] Compl., ECF No. 1, ¶¶ 4, 41, 81, 97, 113; *see* Decl. of Chad Keller, ECF No. 30, ¶¶ 10, 16, 19-20.

[2] Compl. ¶¶ 4, 41, 56, 81, 84, 97, 101, 113, 116; *see* Decl. of Jessica Ranucci, ECF No. 26, Ex. C at 3 (Government letter stating accounts did not exist until nearly a year after Notices supposedly posted), Ex. G (Government records showing same).

[3] Compl. ¶¶ 66-68, 87-89, 104-06, 119-21; *see also* Ranucci Decl. ¶¶ 8, 25 and Ex. J.

[4] Reply Mem. of Law ("Def.'s Reply"), ECF No. 29, at 3, 6-7.

[5] *Id.* at 6 (Government claiming Notices were "posted" in early October 2017); Ranucci Decl. Exs. C, G (accounts did not exist until September 26, 2018).

1

claims or theories, *see* Def.'s Reply 4-5, but rather demonstrated that the claims set forth in Plaintiffs' Complaint remain both live and meritorious.

In its Reply, the Department relies exclusively on impenetrable and contradictory fine print buried in the terms and conditions purportedly shown to Plaintiffs years earlier.[6] Parsing those terms and conditions misses the point: no fine print could justify sending the Notice in a manner the Department knew would not reach the borrower. The procedure the Department did employ was so inadequate as to be the equivalent of dropping the Notices down a storm drain and watching them disappear. *See Jones v. Flowers*, 547 US. 220, 229 (2006).

The Department likewise admits that it did not provide the Second Notice to Plaintiffs as required by 34 C.F.R. § 685.214(f)(5), and its only justification for this failure is its own illegal (and now-vacated) delay of the implementing regulation. *See* Def.'s Reply at 10 & n.10.

Finally, the Government's suggestion that Plaintiffs' challenge excludes certain members of the putative Class not implicated by this Motion, *see id.* at 4 & n.2, is both inaccurate and premature.

For the reasons set forth above and in Plaintiffs' Opposition, Plaintiffs respectfully request that the Court deny the Government's Motion to Dismiss.

---

[6] Although the Department produced to Plaintiffs what it described as "documents reflecting the terms and conditions as of the date Mr. Francis and Mr. Rodriguez elected to receive electronic correspondence, Bates-stamped DOE 0031-60," its Reply Brief asserted that documents Bates-stamped DOE0050 and 0059 actually represented a "prior version of the policy." *Compare* Ranucci Decl. Ex. C at 3 *with* Def.'s Reply at 5 n.4. The Department correctly notes that the first quotation on page 16 of Plaintiffs' Opposition was inadvertently identified as coming from page DOE0050, when it was actually from DOE0033. Def.'s Reply at 6 n.6.

Dated: New York, New York
May 2, 2019

                          Respectfully Submitted,

**NEW YORK LEGAL ASSISTANCE GROUP**
**BETH E. GOLDMAN, ESQ.**

By: _____/s/ Danielle Tarantolo_____
Danielle Tarantolo
Jane Greengold Stevens
Jessica Ranucci
NEW YORK LEGAL ASSISTANCE GROUP
7 Hanover Square
New York, NY 10004
(212) 613-5000
dtarantolo@nylag.org

*Attorneys for Plaintiffs*