

May 22, 2019

**VIA ECF**

Hon. George B. Daniels
United States District Judge
Daniel Patrick Moynihan United States Courthouse
New York, NY 10007

**Re:** *Christopher Quero et al. v. Elisabeth DeVos*, 18 Civ. 9509 (GBD)

Dear Judge Daniels:

      We represent the Plaintiffs in the above-captioned matter. We write in response to the letter filed by Defendant Elisabeth DeVos, Secretary of the United States Department of Education ("Defendant"), late this afternoon, regarding two documents she provided to us minutes before. The Defendant's motion to dismiss was fully briefed approximately three weeks ago, and the parties are scheduled for oral argument before the Court tomorrow morning at 10:30 a.m.

      As Plaintiffs explained in our briefs and can discuss further tomorrow, the precise text of the electronic elections buttons and terms and conditions on the studentloans.gov website years ago is not material either to Plaintiffs' standing (at issue in Defendant's motion) or to Plaintiffs' ultimate success on the merits. As to the former, it is undisputed the Plaintiffs never received the closed school discharge notice Defendant was mandated to send and were injured as a result. As to the latter, no website language can justify the Department's decision to provide regulation-mandated notices in a manner it was certain would not reach the recipient.

      Even if the terms and conditions language were relevant, however, the last-minute documents provided by Defendant today raise more questions than they answer. Who prepared these documents, and when? What document(s) purportedly supplied the original language forming the basis of the redline, and what document(s) the revised language? Whose comments appear in the bubbles? If the language we cited in our Opposition was supposedly the "prior" version, why does it appear unchanged in these documents? (*See* DOE 0068, 85, 97.) Defendant's counsel has now made multiple conflicting representations about the content of the elections and terms to Plaintiffs and the Court, but no declarant from the Department of Education has established where each of the versions of the documents came from and how to

read them. If after tomorrow's argument the Court believes the precise wording of this text is relevant, Plaintiffs respectfully request the opportunity to take further discovery on these questions.

Finally, we were perplexed to see Defendant's counsel's statement that Plaintiffs did not have permission to file our Sur-Reply. We and Defendant's counsel negotiated a full discovery and briefing schedule, including an agreed-upon sur-reply deadline, in the hallways outside Your Honor's courtroom shortly before the parties' February 21, 2019 appearance; and Defendant's counsel was present in the courtroom when I read that schedule—including the sur-reply deadline to which she had agreed moments before—out loud to the Court, and the Court approved it.

We look forward to the opportunity to discuss these issues in further detail tomorrow.

Respectfully submitted,

 /s/ Danielle F. Tarantolo

Danielle Tarantolo
Jane Greengold Stevens
Jessica Ranucci
NEW YORK LEGAL ASSISTANCE GROUP
7 Hanover Square
New York, NY 10004
(212) 613-5000
dtarantolo@nylag.org

*Counsel for Plaintiffs*