

October 23, 2019

The Honorable George B. Daniels
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Quero v. DeVos*, No. 18 Civ. 9509 (GBD)

Dear Judge Daniels:

    We represent Named Plaintiffs Christopher Quero, Courtney Francis, Kellin Rodriguez, and the putative class in the above-captioned case. We are pleased to report that Plaintiffs have reached a settlement with Defendant Elisabeth DeVos ("Defendant"), the Secretary of the U.S. Department of Education (the "Department"), that would afford Class Members relief that Plaintiffs view as the principal relief sought in the complaint. We write, with Defendant's consent, to seek final approval of the parties' final Stipulation of Settlement ("Settlement"), attached as Exhibit 1, and respectfully request that the Court enter the Final Order Approving Class Action Settlement, attached as Exhibit A to the Settlement. We base our request on details set forth in the Declaration of Jessica Ranucci ("Ranucci Decl."), attached as Exhibit 2.

Case Background

    Named Plaintiffs are former students of the for-profit college Technical Career Institutes, Inc. ("TCI") who obtained federal student loans to finance their tuition and fees at TCI, and were enrolled at TCI on September 1, 2017 when the school permanently closed. Ranucci Decl. ¶ 4. Federal law and regulations provide that any student who is enrolled at a school or on an approved leave of absence when a school closes, or within 120 days of the school's closure, may be eligible for a "closed school discharge" of his or her federal student loans. 20 U.S.C. §§ 1087(c)(1), 1087a(b)(2); 34 C.F.R. §§ 685.212(d), 685.214. A closed school discharge results in total cancellation of a borrower's student loans, a refund of all payments previously made, removal of adverse credit reporting, and, where applicable, restoration of eligibility for future federal financial aid. 34 C.F.R. § 685.214(b).

    Federal regulation requires that when the Department learns of a school's closure, it must (1) "identif[y] any Direct Loan borrower (or student on whose behalf a parent borrowed) who appears to have been enrolled at the school on the school closure date or to have withdrawn not more than 120 days prior to the closure date"; (2) "mail[] the borrower a discharge application and an explanation of the qualifications and procedures for obtaining a discharge"; (3) "promptly suspend[] any efforts to collect from the borrower on any affected loan" for sixty days; and (4)

"provide[] the borrower another discharge application and an explanation of the requirements and procedures for obtaining a discharge." 34 C.F.R. § 685.214(f).

On October 17, 2018, Plaintiffs filed this action under the Administrative Procedure Act on behalf of themselves and a putative class of former TCI students. Compl., ECF No. 1. Plaintiffs alleged that, "[d]espite learning of TCI's closure, the Department did not mail TCI borrowers a discharge application and an explanation of the qualifications and procedures for obtaining a discharge, as required by [34 C.F.R. § 685.214(f)]." *Id.* ¶ 41. Plaintiffs' complaint sought declaratory relief and injunctive relief from the Department in the form of: mailing the closed school discharge application and an explanation of the discharge to all Class Members, suspending collection on Class Members' loans for sixty days, and subsequently mailing a second discharge application and explanation to all class members. *Id.* at 21.

On February 8, 2019, the Department moved to dismiss Plaintiffs' complaint on jurisdictional grounds. *See* Mem. of Law, ECF No. 21. As agreed upon at the initial pre-trial conference, the Parties then engaged in limited informal discovery and then completed briefing on the Department's motion. On May 23, 2019, the Court orally denied the Department's motion to dismiss. *See also* Order (Aug. 1, 2019), ECF No. 38.

Settlement Terms

As explained in further detail below, the Parties have reached Settlement that provides to the Class Members relief that Plaintiffs view as the principal relief sought in the complaint, requiring the Department to: mail to all Class Members the closed school discharge application and an explanation of the discharge, suspend collection on Class Members' loans for sixty days, and subsequently mail a second discharge application to all Class Members. Settlement ¶¶ 3-5; Ranucci Decl. ¶ 3.

Specifically, within ninety days of approval, the Department will send all Class Members a closed school discharge application by postal mail. Settlement ¶ 3(a). The Department will include with the application a cover letter from the Class Member's loan servicer providing notice of the Class Member's potential eligibility for discharge, and a letter from Plaintiffs' Counsel, the New York Legal Assistance Group ("NYLAG" or "Class Counsel"), explaining the Class Member's rights under the class action settlement and directing the Class Member to contact NYLAG with any questions regarding the settlement. *Id.* ¶ 3(a), Exs. B (Servicer Letter), C (NYLAG Letter). For Class Members who elected to receive electronic correspondence from the Department and/or their loan servicer (or to all Class Members for whom the Department has an email address on file), the Department will also send the application and NYLAG's letter by e-mail, *in addition to postal mail*. *Id.* ¶ 3(b).

The Department will suspend collection on all Class Members' TCI loans that are past-due (delinquent or in default) for a sixty day period to allow a Class Member to submit an application. *Id.* ¶ 4. The Parties agreed not to suspend collection for loans in good status, because doing so would disadvantage borrowers repaying their loans under certain common repayment

2

plans that require a minimum number of monthly payments. Ranucci Decl. ¶ 27. Borrowers in good status will not be prejudiced by this lack of suspension, because all payments collected will be refunded if the borrower's closed school discharge application is granted. *Id.* ¶ 28.

Within thirty days of the end of the suspension period, the Department will send, by postal mail, a second discharge application to all Class Members, with a letter from the Class Member's loan servicer. Settlement ¶ 5, Ex. B (Servicer letter).

After adjudication of any applications received from Class Members by the end of the suspension period, the Department will send the Class Member, by postal mail, the results of the adjudication, including for any application that is denied, the reason for the denial and directions about how to challenge a denial. *Id.* ¶ 6.

Notably, the Settlement imposes *no* time limit by which a Class Member must submit a closed school discharge application, nor does it prejudice the rights of any Class Member to obtain any closed school discharge relief to which he or she is entitled by law. *See id.* ¶¶ 8, 13. In other words, a Class Member will be able, just as before, to submit an application at any time whatsoever, and receive a discharge if eligible. Moreover, the Settlement does nothing to limit any Class Member's ability to challenge a denial of her own application, or the adequacy of relief provided following a discharge. *See id.* ¶ 13.

Plaintiffs' claim for reasonable attorneys' fees, which Defendant reserves the right to oppose, is not resolved by the Settlement; Plaintiffs will submit any such application within ninety days of approval of the Settlement. *Id.* ¶ 10.

Class Certification

The parties have stipulated to a class for purposes of this proposed Settlement, comprising:

> all individuals who obtained a TCI Loan and who were enrolled at TCI or on an approved leave of absence from TCI when the school closed or who withdrew from TCI not more than 120 days prior to the school's closure (and all parents who obtained a TCI Loan for such a student), except that the class shall not include any individual who has died or any individual who has applied for or received a closed school discharge of a TCI Loan ("Class Members").

Settlement ¶ 2(a). The class definition includes all individuals potentially eligible for the discharge who are entitled to be notified under the regulation (34 C.F.R § 685.214), except those who already had actual notice of their right to a discharge, as evidenced by a prior submission of a discharge application. Ranucci Decl. ¶¶ 16-17. The parties have additionally stipulated, for purposes of Settlement, to appoint the Named Plaintiffs in this action—Christopher Quero, Courtney Francis, and Kellin Rodriguez—as class representatives and to appoint NYLAG as Class Counsel. Settlement ¶¶ 2(b), 2(c).

The proposed Settlement class meets the requirements for class certification set forth in Fed. R. Civ. P. 23(a) and (b). First, pursuant to Fed. R. Civ. P. 23 (a), the class satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation. The class is sufficiently numerous to render joinder of all members impracticable. There are over 500 Class Members. *See* Ranucci Decl. ¶ 18. There are questions of law common to the Class Members, namely, whether Defendant violated the APA by failing to adequately notify Class Members of their discharge application rights. *Id.* ¶ 20. The claims of the Named Plaintiffs are typical of the claims of the class, as they are student loan borrowers from TCI who were not mailed a closed school discharge application and did not know of their right to submit such an application. *Id.* ¶ 21. The Named Plaintiffs and NYLAG have fairly and adequately protected the interests of the proposed class. They successfully opposed Defendant's motion to dismiss, and they have negotiated this Settlement, which provides substantial value to Class Members as described further below. *Id.* ¶¶ 39-43.

The proposed class satisfies Fed. R. Civ. P. 23(b)(2), because the Defendant "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." In the instant case, Plaintiffs' harms stem from Defendant's uniform policy regarding the manner of correspondence to student loan borrowers, rendering injunctive relief in the form of notice appropriate for the entirety of the class. *See* Ranucci Decl. ¶ 22.

Lastly, the parties have stipulated to the appointment of the New York Legal Assistance Group ("NYLAG") as Class Counsel, which is appropriate pursuant to Fed. R. Civ. P. 23(g). NYLAG's attorneys have experience with class action litigation and other forms of complex civil litigation. *Id.* ¶ 41. They are knowledgeable about actions pertaining to student debt, having regularly litigated on behalf of student loan borrowers and served as Class Counsel to student borrowers in other class actions. *Id.*; *see also, e.g.*, *Salazar v. King*, 822 F.3d 61 (2d Cir. 2016); *In re Technical Career Institutes, Inc.*, No. 17-13232 (Bankr. S.D.N.Y.), ECF No. 55 (appointing NYLAG class counsel for class of former students in TCI's bankruptcy); *Frica-Sanchez v. ASA*, No. l4 Civ. 5006 (S.D.N.Y.). Moreover, in the instant case, they have vigorously advocated for the class's claims and for this settlement. Ranucci Decl. ¶¶ 10-12, 42-43.

Fairness of the Settlement

In accordance with Fed. R. Civ. P. 23(e), the proposed Settlement is "fair, reasonable, and adequate." Historically, courts of this Circuit have assessed proposed settlements on the basis of the nine "*Grinnell* factors." *See City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by*, *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000). On December 1, 2018, amendments to Fed. R. Civ. P. 23(e) became effective, which established the factors a court should evaluate in considering whether to approve proposed settlements. The Rule 23(e) factors do not "displace" the *Grinnell* factors, "but rather [serve] to focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Advisory Committee Notes to Rule

23(e)(2); *see also In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, 330 F.R.D. 11, 29 (E.D.N.Y. 2019).

      The fairness, reasonableness, and adequacy of the Settlement are evident when considered under the *Grinnell* and Rule 23(e)(2) factors. Class Counsel and the Named Plaintiffs have adequately represented the class. *See* Fed. R. Civ. P. 23(e)(2)(A). Class Counsel has spoken with dozens of Class Members and investigated their claims. Ranucci Decl. ¶ 43. Moreover, the Parties engaged in informal discovery that allowed Class Counsel to gauge the strength of the class's claims. *Id.* ¶ 8. Settlement is appropriate given "the stage of the proceedings and the amount of discovery completed." *Grinnell*, 495 F.2d at 463. The Settlement is the result of arm's-length negotiations, in which Class Counsel diligently represented the interests of the class. *See* Fed. R. Civ. P. 23(e)(2)(B); Ranucci Decl. ¶¶ 10-11. The relief provided to the class is adequate; in fact, it provides the class relief that Plaintiffs view as the principal relief sought in the complaint. *See* Fed. R. Civ. P. 23(e)(2)(C); Ranucci Decl. ¶ 3. Continued litigation of this case would have been costly, and likely would have included further discovery or production and review of the Department's administrative record, and further briefing. Ranucci Decl. ¶ 36. This would have delayed relief to the class, and needlessly presented additional risk to the Class. *Id.* ¶¶ 37-37. The potential for a greater judgment from the Defendants following additional litigation is not at issue here because Plaintiffs have sought declaratory and injunctive relief only. *See id.* ¶ 7. Moreover, the proposed Settlement would treat Class Members equally by affording nearly identical injunctive relief to each of them. *See* Fed. R. Civ. P. 23(e)(2)(D); Ranucci Decl. ¶ 31.

      The proposed Settlement does not address Plaintiffs' claim for reasonable attorneys' fees, which is reserved. Any claim for attorneys' fees would not negatively impact the Class Members because fees are not a part of this Settlement and because the Plaintiffs have sought only declaratory and injunctive relief. *See* Fed. R. Civ. P. 23(e)(2)(C)(iii); Ranucci Decl. ¶¶ 44-46.

<u>Settlement Approval</u>

      Plaintiffs, with the consent of Defendant, seek approval of this proposed Settlement now, rather than after notice and a fairness hearing, because the Settlement provides the class what Plaintiffs view as the principal relief requested in the complaint, and because proposed relief is itself two rounds of notice to the Class Members. Ranucci Decl. ¶¶ 47-52.

      The terms of this Settlement are similar to, and modeled after, the Settlement in *Salazar v. King*, No. 14 Civ. 1230 (RWS), ECF No. 72 (final order approving Settlement), attached as Exhibit 3. In *Salazar*, as here, a putative class of federal student loan borrowers who had attended a defunct for-profit college sued the Department, alleging that the Department's failure to send a regulation-required notice of the availability of a student loan discharge violated the Administrative Procedure Act. The *Salazar* settlement, like the proposed Settlement here, required the Department to mail a discharge application form and cover letters to Class Members and to suspend collections for certain borrowers. The Court approved the *Salazar* Settlement without notice to the class and a final approval hearing, finding that notice to the class is not

necessary when a complaint seeks only injunctive relief and a settlement provides near-complete relief for the claims of the class, and notice would be redundant when notice to the class is the relief provided by the settlement. *Id.*

"Courts within the Second Circuit have been relatively liberal in approving settlements under the functional approach," and many courts have approved settlements without notice to the class and a fairness hearing, where the complaint seeks only injunctive relief and the settlement provides all or nearly all of the relief sought. *J.S. v. Attica Cent. Sch.*, No. 00–CV–513S, 2012 WL 3062804, at *3 (W.D.N.Y. July 26, 2012).[1] Circumstances in which "notice may not be necessary" include: "(1) when the terms of the settlement provide near complete relief to the plaintiffs, (2) when the settlement provides for only injunctive relief, and, therefore, there is no potential for the named plaintiffs to benefit at the expense of the rest of the class, (3) when there is no evidence of any collusion between the parties, and (4) when the cost of notice would risk eviscerating the settlement agreement." *Green v. American Exp. Co.*, 200 F.R.D. 211, 212 (S.D.N.Y. 2001). "These decisions that have dispensed with Rule 23(e) notice all hinge on whether the rights of absent Class Members were compromised in any way." *Selby*, 2003 WL 22772330, at *16.

Approving this Settlement without prior notice to the Class Members and fairness hearing is appropriate, just as it was in *Salazar*. The terms of the Settlement provide Class Members what Plaintiffs view as the principal relief sought in the complaint: two rounds of notice and suspension of collections. Settlement ¶¶ 3-5; Ranucci Decl. ¶ 48. The rights of the Class Members are not compromised by the settlement. To the contrary, the Settlement specifically preserves the rights of the Class Members to apply for a loan discharge at any time, and to challenge the results of any adjudication of the discharge. Settlement ¶¶ 8, 13; Ranucci Decl. ¶¶ 32-33.

Moreover, class-wide notice of the Settlement in advance of a fairness hearing would serve little purpose in this case, where the relief provided by the Settlement is itself two rounds of notice. To send Class Members a third provision of notice, would be costly, unnecessary, and potentially confusing. Ranucci Decl. ¶ 49. Additionally, sending class notice and holding a fairness hearing would further delay Class Members' relief by many months. *Id.* ¶ 50. This delay could cause substantial prejudice to the class, many of whom may currently be making payments on TCI loans eligible to be discharged, with no countervailing benefit. *Id.* ¶ 51.

For the foregoing reasons, Plaintiffs, with Defendant's consent, respectfully request that the Court so-order the Stipulation of Settlement and enter the attached Final Order Approving Class Action Settlement.

---

[1] *See also, e.g.*, *Jermyn v. Best Buy Stores, L.P.*, No. 08-CV-214 (CM), 2012 WL 2505644, at *12 (S.D.N.Y. June 27, 2012); *Selby v. Principal Mut. Life Ins. Co.*, No. 98 CIV 5283 (RLC), 2003 WL 22772330, at *16 (S.D.N.Y. Nov. 17, 2003); *Doe by Doe v. Perales*, 782 F. Supp. 201, 206 (W.D.N.Y. 1991); *see generally* 2 McLaughlin on Class Actions § 6:20 (15th ed. 2018).

Respectfully,

/s/ Danielle Tarantolo

Danielle Tarantolo
Jane Greengold Stevens
Jessica Ranucci
NEW YORK LEGAL ASSISTANCE GROUP
7 Hanover Square
New York, NY 10004
(212) 613-5000
dtarantolo@nylag.org