UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER QUERO, COURTNEY
FRANCIS, and KELLIN RODRIGUEZ,
individually and on behalf of all persons similarly
situated,

                           Plaintiffs,


          -against-


ELISABETH DEVOS, in her official capacity as
Secretary of the United States Department of
Education,

                           Defendant.

No. 18 Civ. 9509 (GBD)

---

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement ("Stipulation") is entered into pursuant to Rule 23(e) of the

Federal Rules of Civil Procedure by and between plaintiffs Christopher Quero, Courtney Francis,

and Kellin Rodriguez (together, "Named Plaintiffs"), on behalf of themselves and of a proposed

class to be certified for settlement purposes only, and defendant Elisabeth DeVos, in her official

capacity as Secretary of the United States Department of Education ("Defendant" or "Secretary")

(together with Named Plaintiffs and Class Members, the "Parties").

WHEREAS, Named Plaintiffs filed this action on October 17, 2018, on behalf of

themselves and a putative class, asserting claims under the Administrative Procedure Act, 5

U.S.C. § 701 *et seq.*, challenging Defendant's alleged failure to mail notice to TCI borrowers of

their right to a closed school discharge of their loans;

WHEREAS, on February 8, 2019, Defendant filed a motion to dismiss Named Plaintiffs' class action complaint;

WHEREAS, on May 23, 2019, the Court denied Defendant's motion to dismiss;

WHEREAS, the Parties desire to settle this matter without the need for further litigation; and

WHEREAS, the Parties have agreed to the entry of this Stipulation without any admission of liability and without a trial;

IT IS NOW, HEREBY, STIPULATED AND AGREED, by and among the Parties to this action, and IT IS NOW, HEREBY, ORDERED, AND DECREED, by this Court, as follows:

1. **Definitions.**  The following definitions apply for purposes of this Stipulation:

    a. **USED** shall mean the United States Department of Education.  Actions taken by Servicers, and/or Collection Agencies at the direction of USED pursuant to this Stipulation and consistently with that direction shall be deemed performance by USED of its obligations hereunder.  References in individual provisions herein to USED records shall include the records of any Servicer or Collection Agency servicing or collecting on a TCI Loan.

    b. **TCI** shall mean TCI College.

    c. **Collection Agency** shall mean any contractor collecting on defaulted TCI Loans, pursuant to a collection contract with USED.

    d. **Servicer** shall mean any contractor servicing TCI Loans, pursuant to a servicing contract with USED.

    e. **TCI Loan** shall mean a loan under the William D. Ford Federal Direct Loan Program, as authorized pursuant to Title IV of the Higher Education Act

(HEA), and disbursed for attendance at TCI in whole or in part on or after January 1, 1986. **TCI Loan** shall also mean that portion of a federal consolidation loan made under the William D. Ford Federal Direct Loan Program, as authorized pursuant to Title IV of the HEA, and used to repay a loan described in the previous sentence.

f. **Discharge Application or Application** shall mean any application seeking discharge of a loan due to school closure, pursuant to 20 U.S.C. §§ 1087a(b)(2), 1087(c) and 34 C.F.R. § 685.214.

g. **Collection Efforts** shall mean U.S. Treasury or other tax offsets, wage garnishment, collection litigation, billing, and dunning (including phone calls and correspondence).

h. **Effective Date** means the date of entry of the Final Order Approving Class Action Settlement ("Approval Order").

2. **Class Certification and Settlement Approval.**

a. The Parties stipulate, for the purposes of settlement only, to certification of a class, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2), consisting of all individuals who obtained a TCI Loan and who were enrolled at TCI or on an approved leave of absence from TCI when the school closed or who withdrew from TCI not more than 120 days prior to the school's closure (and all parents who obtained a TCI Loan for such a student), except that the class shall not include any individual who has died or any individual who has applied for or received a closed school discharge of a TCI Loan ("Class Members").

3

    b.  The Parties agree that the New York Legal Assistance Group ("Plaintiffs' Counsel") shall be appointed class counsel pursuant to Federal Rule of Civil Procedure 23(g).

    c.  The Parties agree that the Named Plaintiffs shall be the representatives of the Class.

    d.  Within seven (7) days of the date this Stipulation is executed, Named Plaintiffs shall submit to the Court a motion for final approval of this class action settlement and certification of the proposed class, and the proposed Approval Order attached as **Exhibit A.**

3. **First Discharge Application Notice.**

    a.  Within ninety (90) days of the Court's entering the Approval Order ("First Mailing Date"), USED shall send by postal mail to all Class Members, at their last known address according to USED's records, (1) the letter(s) attached as **Exhibit B**; (2) a Discharge Application that includes the address to which the completed Application should be mailed; and (3) the letter attached as **Exhibit C.**

    b.  On or before the First Mailing Date, USED shall send an e-mail with a subject line to be agreed upon by the parties that contains in the body of the email the contents of the letter attached as **Exhibit C** to all Class Members who have elected to receive electronic communications—or, in the alternative, to all Class Members for whom USED has an email address on file—at their last known email address according to the USED's records. The email will include a link to a PDF version of the Discharge Application and/or include such a

4

Discharge Application as an attachment, and the address to which the

Discharge Application should be sent will be included in the body of the

email.

4. **Suspension of Collection**

a. <u>Delinquent TCI Loans</u>: As of the First Mailing Date, USED shall place into

forbearance any Class Member's TCI Loan that is delinquent as of the First

Mailing Date and shall suspend, and direct every Servicer to suspend, any and

all Collection Efforts from that Class Member on any delinquent TCI Loan. If

a Class Member as to whom Collection Efforts are suspended under this

paragraph requests that his or her TCI Loan be taken out of forbearance,

USED or its agents shall stop the period of forbearance and may resume

Collection Efforts.

b. <u>Defaulted TCI Loans</u>: As of the First Mailing Date, USED will suspend any

and all Collection Efforts from a Class Member on any defaulted TCI Loan.

For any such TCI Loan, USED shall also ensure that every Collection Agency

and Servicer immediately suspends all Collection Efforts from that Class

Member on any defaulted TCI Loan. If a Class Member as to whom

Collection Efforts are suspended under this paragraph requests that his or her

suspension of collections cease, USED or its agents may resume Collection

Efforts.

c. <u>End of Suspension Period</u>: The period of suspension of collection pursuant to

paragraphs 4(a) and 4(b) shall end as follows:

    i.  If a completed Discharge Application is not received by sixty (60) days after the First Mailing Date (the "Suspension Deadline") from a Class Member as to whom Collection Efforts are suspended, USED or its agents may resume Collection Efforts and, if applicable, may stop the period of forbearance.

    ii.  If a completed Discharge Application is received on or before the Suspension Deadline from a Class Member as to whom Collection Efforts are suspended, the suspension of collections and, if applicable, the period of forbearance, shall last until that Application is adjudicated, until the Class Member requests that his or her TCI Loan be taken out of forbearance, or until the Class Member requests that the suspension of collections on his or her TCI Loan ceases, whichever comes first.

d.  <u>Voluntary Payments</u>: USED, the Servicers, and the Collection Agencies, as applicable, shall continue to receive any Class Members' payments voluntarily made during the period in which collection is suspended.

5.  **Second Discharge Application Notice.**

a.  Within thirty (30) days of Suspension Deadline (the "Second Mailing Date"), USED shall send by postal mail to all Class Members, at their last known address according to the USED's records, unless that address has been determined to be invalid, (1) the letter(s) attached as **Exhibit B** and (2) a blank Discharge Application form that includes the address to which the completed Application should be mailed.

6. **Adjudication.**

    a. With respect to all Class Members who submit Discharge Applications by the Suspension Deadline, USED shall send a notification regarding the adjudication of their Discharge Applications by postal mail. USED may, but is not required to, additionally send notifications to such Class Members with respect to the adjudication of their Discharge Applications by other means, such as e-mail.

    b. USED shall send such notifications within thirty (30) days of adjudication. Each notification shall state the result of the adjudication and, if the application is denied, (i) an explanation of the reason for the denial and (ii) directions about how a Class Member can challenge that denial.

    c. Notifications to Class Members with respect to the adjudication of their discharge applications shall comply with the requirements of 34 C.F.R. § 685.214.

    d. In order to fairly and efficiently resolve issues arising for individual Class Members who have submitted Applications, Plaintiffs' Counsel may contact USED regarding any concerns arising in connection with those Applications, by emailing the Assistant United States Attorney assigned to this case and/or a USED staff member designated by her. USED shall make reasonable efforts to respond to all such communications from Plaintiffs' Counsel as soon as possible and shall make reasonable efforts to resolve the issues addressed in such communications.

7. **Certification of Completion of Settlement Obligations.**

a.  <u>First Certification:</u> Within thirty (30) days of the First Mailing Date, USED will inform Plaintiffs' Counsel that the mailings and emails required by paragraph 3 have been completed and that the suspension of collection required by paragraph 4 has been put in place.

b.  <u>Second Certification:</u> Within thirty (30) days of the Second Mailing Date, USED will inform Plaintiffs' Counsel that the mailings required by paragraph 5 have been completed.

8.  **No Time Limit to Submit Discharge Applications**.  Nothing in this Stipulation shall be construed to impose any time limit by which a Class Member must submit a Discharge Application.

9.  **Discharge Decisions Not Controlled by this Agreement.**  USED will be in breach of this Stipulation in the event of its failure to take the actions committed to herein within the timeframes committed to herein.  Plaintiffs' Counsel may not seek to enforce this Stipulation, or find USED in contempt of this Stipulation, in relation to the substance of the adjudication of any Class Member's Application.  In the event of an apparent breach by USED of the terms of this Stipulation, Plaintiffs' Counsel shall provide notice and a reasonable opportunity to cure.

10.  **Attorneys' Fees.**  Plaintiffs' Counsel shall make any request for fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and Federal Rule of Civil Procedure 23(h) within ninety (90) days of the Effective Date.  Defendant does not concede Plaintiffs are entitled to recover attorneys' fees or costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and Federal Rule of Civil Procedure 23(h) and reserves the right to oppose any such request.

11. **Dismissal with Prejudice and Release of Claims.** As of the Effective Date, and in consideration for the covenants and undertakings of Defendant and USED set forth in this Stipulation, Plaintiffs, collectively and individually:

   a. withdraw and voluntarily dismiss the amended putative class action complaint in this action with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii); and

   b. forever waive, and release Defendant and USED from, and hold them harmless from, any claim arising out of or relating to the claims or allegations set forth in the class action complaint in this action.

12. **Reserved Claims.** For the avoidance of doubt, nothing in this Stipulation shall waive or release the claims of any Class Member related to the adjudication of that Class Member's Discharge Application or the discharge relief warranted by such adjudication.

13. **Non-Admission.** By entering into this Stipulation, neither Defendant nor USED in any way confesses liability or concedes that Plaintiffs can prove any set of facts that would provide a lawful basis for the relief Plaintiffs seek by their complaint or that, under any set of facts, they would be entitled to the relief they seek.

14. **Binding Agreement.** This Stipulation shall be of no force and effect unless and until it is granted final approval by the Court. The Parties aver that the counsel signing this Stipulation on their behalf have the full authority to enter into this Stipulation and to sign it on their behalf. Upon entry by the Court, this Stipulation is final and binding upon the Parties, their successors, and their assigns.

Agreed to as of this 16th day of October, 2019

**NEW YORK LEGAL ASSISTANCE GROUP**
**BETH GOLDMAN, ESQ.**

By: _____
     Danielle Tarantolo, of counsel
     Jane Greengold Stevens, of counsel
     Jessica Ranucci, of counsel
7 Hanover Square, 18th Floor
New York, NY 10004
Telephone: (212) 613-6551

*Attorneys for Plaintiffs*

**Geoffrey S. Berman**
United States Attorney for the
Southern District of New York

By: _____
     Rachael Doud
     Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.    (212) 637-3274

*Attorney for Defendant*

SO ORDERED.

_____
HON. GEORGE B. DANIELS
United States District Judge

Dated: _____, 2019
New York, New York

10

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER QUERO, COURTNEY
FRANCIS, and KELLIN RODRIGUEZ,
individually and on behalf of all persons similarly
situated,

                              Plaintiffs,

               -against-

ELISABETH DEVOS, in her official capacity as
Secretary of the United States Department of
Education,

                         Defendant.

No. 18 Civ. 9509 (GBD)

---

**[PROPOSED] FINAL ORDER APPROVING CLASS ACTION
SETTLEMENT PURSUANT TO FED. R. CIV. P. 23**

WHEREAS the Complaint in this action seeks certification of a class pursuant to Federal

Rule of Civil Procedure 23(a) and (b)(2), declaratory and injunctive relief, and attorneys' fees;

WHEREAS the Plaintiffs have submitted to the Court a motion for final approval of a

proposed Settlement, and Defendant has consented to the motion;

WHEREAS, pursuant to Fed. R. Civ. P. 23(e), the Court may approve a settlement on

finding that the proposal is fair, reasonable, and adequate;

THE COURT HEREBY FINDS THAT:

For the purposes of this settlement only, the parties have stipulated to the certification of

a class, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2), consisting of all

individuals who obtained a TCI Loan and who were enrolled at TCI or on an approved leave of

1

absence from TCI when the school closed or who withdrew from TCI not more than 120 days

prior to the school's closure (and all parents who obtained a TCI Loan for such a student), except

that the class shall not include any individual who has died or any individual who has applied for

or received a closed school discharge of a TCI Loan (the "Class").[1]

I have determined that the Class meets all the requirements of Fed. R. Civ. P. Rule 23(a)

and (b)(2). With over 500 potential members, it is more than sufficiently numerous; there are

questions of law common to the class; the claims of the Named Plaintiffs are typical of the

claims of the members of the Class; and the Named Plaintiffs will fairly and adequately protect

the interests of the Class with respect to the claims alleged on behalf of the Class pending before

the Court. The Class also meets the requirements of Rule 23(b)(2): Defendant initially refused to

act on grounds that apply to all members of the Class, and the injunctive relief being provided by

the Settlement provides relief to the Class as a whole.

The Settlement is fair, reasonable, and adequate. It is procedurally fair in that it was the

product of arms' length negotiations between capable adversaries. The Settlement is

substantively fair in that it provides the Class much of the relief sought in the complaint, by

obligating the United States Department of Education ("USED") to promptly mail all Class

members notice of their entitlement to submit applications seeking closed school discharges of

their TCI Loans ("Discharge Applications"),[2] and further provides that USED will suspend

collection on certain loans. The Settlement does not impair the rights of, or the remedies

available to, the Class with respect to seeking student loan discharges. Class members remain

free to submit a Discharge Application at any time, and the Settlement does not foreclose any

Class member's right to challenge an individual denial of an application for discharge or to seek

---

[1] All capitalized terms have the meaning ascribed to them in the Stipulation of Settlement.
[2] *See* 20 U.S.C. §§ 1087a(b)(2), 1087(c); 34 C.F.R. § 685.214.

complete return of payments previously made on their loans. The Settlement thus provides that Class members will receive much of the relief to which they could potentially be entitled if they were to litigate the case to trial and prevail.

The Court is approving this Settlement without prior class notice pursuant to Fed. R. Civ. P. 23(e)(1) because the Settlement provides substantial relief to the Class; Plaintiffs sought only injunctive and declaratory relief on behalf of Class members; there is no evidence of collusion between the parties; sending classwide notice and postponing relief until after an objection period and fairness hearing would prejudice the Class by delaying critical relief, while also imposing substantial and unnecessary expense; and the rights of the Class to seek discharges and be accorded all appropriate relief are not impaired by the Settlement. *See Green v. American Exp. Co.*, 200 F.R.D. 211 (S.D.N.Y. 2001); *J.S. v. Attica Cent. Schools*, No. 00–CV–513S, 2012 WL 3062804 (W.D.N.Y. July 26, 2012).

For the reasons set forth above, IT IS NOW HEREBY ORDERED THAT:

1.     A class is certified, for the purposes of settlement only, consisting of all individuals who obtained a TCI Loan and who were enrolled at TCI or on an approved leave of absence from TCI when the school closed or who withdrew from TCI not more than 120 days prior to the school's closure (and all parents who obtained a TCI Loan for such a student), except that the class shall not include any individual who has died or any individual who has applied for or received a closed school discharge of a TCI Loan.

2.     The Named Plaintiffs—Christopher Quero, Courtney Francis, and Kellin Rodriguez—are appointed Class Representatives.

3.     The New York Legal Assistance Group is appointed class counsel for the purposes of this Settlement.

4.      The Settlement is approved as fair, reasonable, and adequate.

5.      The Settlement resolves all claims and issues in the case and those claims are

dismissed with prejudice.

6.      Plaintiffs may submit any claim for reasonable attorneys' fees pursuant to the

Equal Access to Justice Act, 28 U.S.C. § 2412, and Fed. R. Civ. P. 23(h), within 90 days of this

Order.  Defendant reserves the right to oppose any such claim.

7.      All terms of the parties' Stipulation of Settlement are incorporated herein.


SO ORDERED.

_____
HON. GEORGE B. DANIELS
United States District Judge

Dated: _____, 2019
New York, New York

# EXHIBIT B

Insert LETTERHEAD

Insert DATE

Insert First Name Insert Last Name
Insert Address 1
Insert Address 2
Insert City, St Zip

Account: Insert Account Number

**Action Needed: Please Complete and return the enclosed School Discharge application**

Dear Insert First Name,

We have enclosed a School Closure Discharge application. You may qualify for release from your obligation to repay all or some of your federal student loans if:

You could not complete your program of study because your school closed while you were enrolled, or
You were attending school (or on an approved leave of absence from school) within 120 days of your school's closure

Please review all of the eligibility requirements listed on the application. If you find that you meet the requirements, complete the enclosed application and mail it and any documentation as indicated on the application to:

Insert Servicer's Name
Insert Servicer's Address
Insert Servicer's City, State Zip

**Just know that we're here for you when you need us.** If you have any questions, please visit Insert Servicer's Webpage or call us at Insert Servicer's Phone Number.

Sincerely,

Your Insert Servicer's Name Customer Service Team

Enclosure

# EXHIBIT C

**Letter From Lawyers For Plaintiffs In *Quero v. DeVos***

Dear former student of TCI College,

**Do not worry! This is not a demand for money. You are not being sued.**

**You are receiving this letter because of a Class Action Settlement.**

**You may be able to get your student loan canceled, and your payments returned, if you send the Discharge Application that is either enclosed or linked in this letter.**

---

**[For mailed letters]**
**The application is enclosed and should be mailed to the address listed in Section Seven of the application.**

**[-or-]**

**[For emailed letters]**
**A link to the application is here [hyperlink]. The application should be returned to this address: [Address here].**

**[-or-]**

**[For emailed letters]**
**The application is an attachment to this email. The application should be returned to this address: [Address here].**

---

Records show that you took out a federal Direct student loan to attend TCI College ("TCI") and were attending TCI within 120 days of the date that TCI closed (or that you are a parent who borrowed on behalf of a student attending TCI at that time). **You may be able to get this loan <u>discharged</u>, or <u>forgiven</u> because of TCI's closure.**

You can probably get this loan forgiven if you:

1. obtained the loan to attend TCI;
2. were attending TCI or were on an approved leave of absence within 120 days of when the school closed on September 1, 2017 (so, you attended TCI on or after May 4, 2017);
3. you did not complete your program of study at TCI because TCI closed; and
4. you have not completed the same or a comparable program of study at a different school by transferring your TCI credits to that school.

You can also probably get this loan forgiven if you are a parent borrower who obtained a federal Direct Loan for a student who meets these criteria.

*If this describes you, you should <u>immediately</u> fill out the Discharge Application included with this letter and mail it to your Loan Servicer! If you are receiving this letter by mail, your Loan Servicer's address is included in the Discharge Application that is enclosed. If you are receiving this letter by email, your Loan Servicer's address is listed above, and you should also be receiving a letter and Discharge Application in the mail. In order to get all of the benefits of the Settlement, you must mail the Discharge Application so it is received within 60 days from the date of that letter.*

**QUESTIONS? CALL (212) 659-6166**

*If your TCI loan is past due* (delinquent or in default), collection on your loan has stopped (or will soon stop) for sixty days, to give you a chance to mail in the Discharge Application.

- If you do mail it promptly and it is received within 60 days of the date of the letter and Discharge Application you have received or will be receiving in the mail, collections on your loan will remain stopped while your Application is being decided.

*If your TCI loan is in good status* (is not past due), collection on your loan will not stop and you should keep making payments on your loans.

If you send in a Discharge Application, your Loan Servicer and the Department of Education will review your application and decide whether to grant it. **If your Discharge Application is granted, your TCI loan will be totally forgiven. You will not have to make any more payments, and you are entitled to have all the money you have paid on the loan, voluntarily or involuntarily (for example, through income tax refund offsets) returned to you.**

If you have any questions about this Letter or the Discharge Application, please contact:

| New York Legal Assistance Group<br>TCI Student Hotline: (212) 659-6166<br>TCI Student Email Address: fpsp@nylag.org |
| --- |

## 1.    Why am I getting this letter?

You are getting this letter as part of a Class Action Settlement in a case called *Quero v. DeVos*, No. 18 Civ. 9509 (S.D.N.Y.). Three TCI students sued the Secretary of the United States Department of Education (USED) on behalf of themselves and a proposed group (class) including all other TCI student loan borrowers who were attending TCI within 120 days of its closure (and parent borrowers with children attending at this time).

The purpose of the case was to have USED notify these TCI borrowers that they may be eligible to have their loans discharged due to TCI's closure. As part of a settlement of the case, USED agreed to send you the Discharge Application, a letter from your Loan Servicer, and this letter by mail, and, if applicable, to also send this letter by e-mail. The settlement was approved by the Court.

The New York Legal Assistance Group is representing you and the other TCI borrowers for purposes of the proposed group (class)  settlement in this case. You do not have to pay anything for those lawyers. The lawyers and the Court believed that this settlement was a good one, because it is important that you be told that you might be able to get your loan discharged.

## 2.    How do I know if I should send in a Discharge Application?

You are getting this letter because USED's records show that you received one or more federal student loans to attend TCI and that you were attending TCI or were on an approved leave of absence within 120 days of TCI's closure (or, if you are a parent borrower, that you borrowed on behalf of a student who attended TCI during this time).

If you did not finish your program of study at TCI because TCI closed, and you have not finished the same or a comparable program of study at a different school by transferring your TCI credits, then you should submit a Discharge Application. You should answer all the questions on the Discharge Application truthfully, including whether you have enrolled in the same or a comparable program of study at a different school. USED and your loan servicer will decide if your loan should be discharged. *Many borrowers' applications have already been granted.*

QUESTIONS? CALL (212) 659-6166

**3.        I am receiving this letter by email. Where do I find the Discharge Application?**

If you are receiving this letter by email, there is either a link to the Discharge Application at the top of this email, or the Discharge Application is an attachment to this email. If you are receiving this letter by mail, the Discharge Application is included in this mailing.

**4.        What is a comparable program of study?**

A "program of study" means the instructional program leading to a degree or certificate that you were enrolled in. Some examples of programs of study at TCI were: Automotive Technology, Paralegal Studies, and Ophthalmic Dispensing.

A "comparable program of study" means a program of study at a new school that is similar to your program of study at TCI. To determine whether a program of study at your new school is comparable to your program of study at TCI, you should think about whether the two programs are of the same or similar academic or professional nature and have the same or similar course requirements. *If you are not sure whether your new program is comparable to your TCI program, you should send the Application!*

**5.        Do I need to send anything along with my Application?**

No! You don't need to send anything except the Application. If more information is needed, you will receive a letter or phone call to ask for it.

**6.        Where do I send my Application? What is a Loan Servicer?**

You should mail your application to your Loan Servicer. If you are receiving this letter by mail, this address is listed in Section Seven of the Discharge Application enclosed in this mailing. If you are receiving this letter by email, the address is listed at the top of this email.  A Loan Servicer is a company that contracts with USED to provide billing and other services on federal loans. You do not need to pay for a Loan Servicer's services on your account.

**7.        If I send an Application, do I need to keep making payments?**

Whether you need to keep making payments depends on the status of your loan.

**In Good Status (Not Delinquent or In Default):** If your loan is in good status (not delinquent or in default), you should *keep making payments*. If your Discharge Application is granted, the money you have paid toward your TCI loan will be refunded to you.

**Delinquent or In Default:** If your loan is currently delinquent or in default (past due), collection on your loan will stop for sixty days. If you send in a Discharge Application within 60 days of the date of the letter and Discharge Application you have received or will be receiving in the mail, collections on your loan will remain stopped while your Application is being decided. During that period (and depending on when your Application is received), you may stop having your wages garnished, or stop having your tax refunds offset. No Collection Agencies should contact you about your TCI loan during that period.

**8.        What if I have consolidated my TCI loan with a loan from a different school?**

If you consolidated your TCI loan with another loan, you can still apply for the discharge. If you submit a Discharge Application and it is granted, the part of your consolidated loan that covers your TCI Loan will be discharged (forgiven), and your payments on the TCI part of the loan will be returned to you. You will still owe the portion of your consolidation loan that is not from your TCI Loan.

3

**QUESTIONS? CALL (212) 659-6166**

**9.      If collection is stopping on my loan because I am past due, will I get charged interest during the time I don't have to make payments?**

Yes. If you are past due and collection is stopped on your TCI loan, interest amounts *will* be added to your loan for that period. You don't have to make payments during the period of stopped collections, but if you don't send a Discharge Application, or your Discharge Application is denied, the interest amounts will be added to your total balance when collection starts again. If you do *not* want to have collection stopped, and instead want to keep making payments during this period, contact USED or your Servicer right away. If you are receiving this letter by mail, the contact information is on the other letter to you in this mailing.

**10.      Who will decide my Application?**

Either USED will decide whether to grant or deny your Application, or your Loan Servicer will decide whether to grant or deny your application based on guidance from USED.

**11.      What happens if my Application is granted?**

If your Application is granted, several things will happen. First, you will *not have to make any more payments on your TCI Loan in the future*.

Second, *all of the payments you have made on your TCI Loan up until now will be refunded—that is, returned to you*. This includes payments you made voluntarily, and also money that was collected from you involuntarily, like by garnishing your wages or taking your tax refunds. For some people, there are not complete records of all the payments they have made on their loan. It is important to find and keep safe any records you yourself might have of money you have paid, voluntarily or involuntarily, in the past.

Also, everything related to the loan should be taken off your credit report. And, if you could not get a new federal student loan because your TCI Loan was in default, you should become fully eligible to borrow federal student loans in the future.

**12.      What happens if my Application is denied?**

If you think your Application has been wrongly denied, because your loan should have been discharged, you can challenge the decision. If you get a letter saying your Application has been denied, the letter will tell you how to challenge the decision. You can also call the Hotline number or email the email address below.

**13.      Is there any deadline for the Application?**

*No! <u>You can send in the Application at any time at all</u>!*

**14.      Where can I get more information, or help?**

If you don't understand this letter, need help with your Application, or want to learn more about the settlement, you can contact the lawyers who represented you and the other TCI students.

New York Legal Assistance Group
TCI Student Hotline: (212) 659-6166
TCI Student Email Address: fpsp@nylag.org