UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER QUERO, COURTNEY FRANCIS, and KELLIN RODRIGUEZ, individually and on behalf of all persons similarly situated,

                Plaintiffs,

-against-

ELISABETH DEVOS, in her official capacity as Secretary of the United States Department of Education,

                Defendant.



No. 18 Civ. 9509 (GBD)

## [PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT PURSUANT TO FED. R. CIV. P. 23

WHEREAS the Complaint in this action seeks certification of a class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2), declaratory and injunctive relief, and attorneys' fees;

WHEREAS the Plaintiffs have submitted to the Court a motion for final approval of a proposed Settlement, and Defendant has consented to the motion;

WHEREAS, pursuant to Fed. R. Civ. P. 23(e), the Court may approve a settlement on finding that the proposal is fair, reasonable, and adequate;

THE COURT HEREBY FINDS THAT:

For the purposes of this settlement only, the parties have stipulated to the certification of a class, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2), consisting of all individuals who obtained a TCI Loan and who were enrolled at TCI or on an approved leave of

1

absence from TCI when the school closed or who withdrew from TCI not more than 120 days prior to the school's closure (and all parents who obtained a TCI Loan for such a student), except that the class shall not include any individual who has died or any individual who has applied for or received a closed school discharge of a TCI Loan (the "Class").[1]

I have determined that the Class meets all the requirements of Fed. R. Civ. P. Rule 23(a) and (b)(2). With over 500 potential members, it is more than sufficiently numerous; there are questions of law common to the class; the claims of the Named Plaintiffs are typical of the claims of the members of the Class; and the Named Plaintiffs will fairly and adequately protect the interests of the Class with respect to the claims alleged on behalf of the Class pending before the Court. The Class also meets the requirements of Rule 23(b)(2): Defendant initially refused to act on grounds that apply to all members of the Class, and the injunctive relief being provided by the Settlement provides relief to the Class as a whole.

The Settlement is fair, reasonable, and adequate. It is procedurally fair in that it was the product of arms' length negotiations between capable adversaries. The Settlement is substantively fair in that it provides the Class much of the relief sought in the complaint, by obligating the United States Department of Education ("USED") to promptly mail all Class members notice of their entitlement to submit applications seeking closed school discharges of their TCI Loans ("Discharge Applications"),[2] and further provides that USED will suspend collection on certain loans. The Settlement does not impair the rights of, or the remedies available to, the Class with respect to seeking student loan discharges. Class members remain free to submit a Discharge Application at any time, and the Settlement does not foreclose any Class member's right to challenge an individual denial of an application for discharge or to seek

---

[1] All capitalized terms have the meaning ascribed to them in the Stipulation of Settlement.
[2] *See* 20 U.S.C. §§ 1087a(b)(2), 1087(c); 34 C.F.R. § 685.214.

2

complete return of payments previously made on their loans. The Settlement thus provides that Class members will receive much of the relief to which they could potentially be entitled if they were to litigate the case to trial and prevail.

The Court is approving this Settlement without prior class notice pursuant to Fed. R. Civ. P. 23(e)(1) because the Settlement provides substantial relief to the Class; Plaintiffs sought only injunctive and declaratory relief on behalf of Class members; there is no evidence of collusion between the parties; sending classwide notice and postponing relief until after an objection period and fairness hearing would prejudice the Class by delaying critical relief, while also imposing substantial and unnecessary expense; and the rights of the Class to seek discharges and be accorded all appropriate relief are not impaired by the Settlement. *See Green v. American Exp. Co.*, 200 F.R.D. 211 (S.D.N.Y. 2001); *J.S. v. Attica Cent. Schools*, No. 00–CV–513S, 2012 WL 3062804 (W.D.N.Y. July 26, 2012).

For the reasons set forth above, IT IS NOW HEREBY ORDERED THAT:

1. A class is certified, for the purposes of settlement only, consisting of all individuals who obtained a TCI Loan and who were enrolled at TCI or on an approved leave of absence from TCI when the school closed or who withdrew from TCI not more than 120 days prior to the school's closure (and all parents who obtained a TCI Loan for such a student), except that the class shall not include any individual who has died or any individual who has applied for or received a closed school discharge of a TCI Loan.

2. The Named Plaintiffs—Christopher Quero, Courtney Francis, and Kellin Rodriguez—are appointed Class Representatives.

3. The New York Legal Assistance Group is appointed class counsel for the purposes of this Settlement.

Case 1:18-cv-09503-GBD Document 44 Filed 12/23/19 Page 45 of 22

4. The Settlement is approved as fair, reasonable, and adequate.

5. The Settlement resolves all claims and issues in the case and those claims are dismissed with prejudice.

6. Plaintiffs may submit any claim for reasonable attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and Fed. R. Civ. P. 23(h), within 90 days of this Order. Defendant reserves the right to oppose any such claim.

7. All terms of the parties' Stipulation of Settlement are incorporated herein.

SO ORDERED.

Dated: DEC 17 2019 , 2019
New York, New York

_George B. Daniels_
HON. GEORGE B. DANIELS
United States District Judge

4