**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

CHRISTOPHER QUERO, COURTNEY
FRANCIS, and KELLIN RODRIGUEZ,
*individually and on behalf of all persons similarly situated*,

                      Plaintiffs,

           -against-

MIGUEL CARDONA[1], in his official capacity as
Secretary of the United States Department of
Education,

                      Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

18 Civ. 9509 (GBD) (SLC)

GEORGE B. DANIELS, United States District Judge:

      Plaintiffs Christopher Quero, Courtney Francis, and Kellin Rodriguez brought this action against the Secretary of Education on behalf of themselves and a putative class of student loan borrowers who attended Technical Career Institutes, Inc. (Compl. ECF No. 8.) On September 1, 2017, TCI ceased operations, making students who financed their TCI education with federal student loans potentially eligible for a loan discharge. (*Id*.) Plaintiffs alleged in their complaint that the U.S. Department of Education arbitrarily and capriciously withheld agency action and violated the Administrative Procedure Act, 5 U.S.C. § 706, by withholding the relief owed to them following TCI's closure. (*Id.*) Defendant moved to dismiss and on May 23, 2019 this Court heard oral argument and denied Defendant's motion from the bench. (*See* Tr. of Oral Arg., dated May 23, 2019, ECF No. 53, at 44:24.) The parties subsequently entered into a settlement agreement which was approved by this Court on December 17, 2019. (ECF No. 45.)

---

[1] Secretary of the United States Department of Education Miguel Cardona is automatically substituted in place of former Acting Secretary Phil Rosenfelt pursuant to Fed. R. Civ. P. 25(d).

1

On March 16, 2020 Plaintiffs, through their attorneys, the New York Legal Assistance Group, moved for attorneys' fees and costs incurred in this action pursuant to Federal Rule of Civil Procedure 54(d) and the Equal Access to Justice Act, 28 U.S.C. § 2412. (ECF No. 46). Defendant opposed the motion, arguing that Plaintiffs were not entitled to attorneys' fees and costs because the position of the United States was "substantially justified." (*See* ECF No. 51; 28 U.S.C. § 2412(d)(1)(A).)

Before this Court is Magistrate Judge Sarah L. Cave's February 1, 2021 Report and Recommendation (the "Report"), recommending that Plaintiffs' motion for attorneys' fees and costs be denied. (Report, ECF No. 62, at 1.) Magistrate Judge Cave advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 21–22.) Plaintiffs filed timely objections. (Pls.'s Objs. to R. & R. ("Objs."), ECF No. 63.) Defendant filed a response to such objections. (Def.'s Resp. to Pls.'s Objections to R. & R. ("Def.'s Resp."), ECF No. 66).

Having reviewed Magistrate Judge Cave's Report, as well as Plaintiffs' objections and Defendant's response, this Court ADOPTS the Report to the extent it denies Plaintiffs' attorneys' fees and overrules Plaintiffs' objections regarding the same. Defendant does not dispute Plaintiffs' entitlement to costs. Accordingly, Plaintiffs' motion is DENIED as to attorneys' fees and GRANTED as to costs.

## I.     LEGAL STANDARD

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects.

*Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz,* 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith,* 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer,* 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.,* No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow,* 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## II.   PLAINTIFFS' MOTION FOR ATTORNEY'S FEES IS DENIED

Section 2412(d) of the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs . . . ." *Id.* The section provides for two exceptions to such award: (1) when "the United States was substantially justified" or (2) when "special circumstances make an award unjust." *Id.* The parties do not dispute Magistrate Judge Cave's finding that Plaintiffs were the prevailing party in this litigation. (Report at 12–14.) Plaintiffs, however, do object to Magistrate Judge Cave's finding that the Government's position—meaning both the agency action underlying the litigation and its actions during the litigation—were "substantially justified" under the EAJA. 28 U.S.C. § 2412(d)(1)(A).

For the Government's position to be "substantially justified" it need not be "justified to a high degree." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). Instead, the Government's position

3

need only be "justified to a degree that could satisfy a reasonable person." (*Id.*) Under this standard, the Government's "position can be justified even though it is not correct, and . . . it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." (*Id.* at 566, n.2.)

As noted above, the scope of the "position" of the Government includes both the position taken during the civil litigation and "the action or failure to act by the agency upon which the civil action is based[.]" *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 159 (1990). While civil actions have numerous phases, "the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." *Id.* at 161–162. Thus, this Court makes "one threshold determination for the entire civil action" regarding the reasonableness of the Government's position. *Id.* at 159.

Plaintiffs' objections seek an "atomized line-item[]" review of each of the Government's actions, but, when taken as a whole, the Government's position in this action was substantially justified. Plaintiffs' objections reduce down to arguing (1) that the Government's litigation position was foreclosed by the Second Circuit's decision in *Salazar v. King*, and (2) that the Government's failure to mail, via the U.S. Postal Service, "closed school discharge" notices was not substantially justified. (Objs. 7–18.)

**A. The Government's Position in this Litigation is Substantially Justified.**

Magistrate Judge Cave properly concluded that "this case is therefore sufficiently distinct from *Salazar* that, regardless of the outcome of the Motion to Dismiss, the Second Circuit's decision in that case did not directly foreclose Defendant's position in this one." (Report at 20.) In *Salazar,* students from a chain of for-profit beauty schools, known as Wilfred, brought a class action lawsuit challenging the Department of Education's refusal to suspend collection of student

4

loans fraudulently incurred on their behalf. *See generally* 822 F.3d 61 (2d Cir. 2016). The Department of Education "refused to temporarily cease collection on federally guaranteed student loans attributable to Wilfred or to notify all students who attended Wilfred schools of their potential eligibility for a permanent discharge . . . ." *Id.* at 71. The Department of Education moved to dismiss the case as moot because before the class was certified the plaintiffs received loan discharges from the Department of Education. *Id.* at 72. Specifically, the Department argued that the Secretary's actions were unreviewable because they were "committed to agency discretion by law," and were not "final." *Id.*; *see also* 5 U.S.C. §§ 701(a)(2)-704. The district court granted the motion to dismiss. *Id.* at 64. The Second Circuit vacated this ruling and held that the "inherently transitory" exception to the mootness doctrine applied, the plaintiffs had standing, and the Department of Education's action was final and reviewable. *Id.* at 73–75, 82–84.

Unlike in *Salazar*, the Government has never argued that this case should be dismissed in its entirety as moot because the Plaintiffs had received loan discharges or denied that Plaintiffs were entitled to receive discharge notices in some form. (Def.'s Resp. at 21–23.) These distinctions are enough to make the Government's position "substantially justified" as it was reasonable for the Government to believe that their position was not directly foreclosed by *Salazar*. While ultimately the Government's motion to dismiss was not meritorious, that is not the focus inquiry here.[2] Instead, the appropriate question for the Court to ask is whether a "reasonable person could think it correct" to pursue a motion to dismiss, given the facts of the case and the state of the law. *Pierce*, 487 U.S. at 566, n.2. Because *Salazar* is not squarely on all fours with this case,

---

[2] Plaintiffs' objections rely heavily on the Court's questioning at oral argument. (*See, e.g.*, Objs. 5–6, n.5, 9, n.6, 11). But it is clear that the "court's evaluation of whether the government's position in a given matter was substantially justified is entirely distinct from its prior decision on the merits of the case." *Firstland Int'l, Inc. v. U.S. I.N.S.*, 2006 WL 436011, at *6 (E.D.N.Y. 2006), *aff'd in part, rev'd in part and remanded on other grounds*, 264 F. App'x 22 (2d Cir. 2008).

5

Magistrate Judge Cave correctly concluded that the Government's position in this litigation was substantially justified. (Report at 18–20.)

## B. The Government's Pre-Litigation Position was Substantially Justified.

Plaintiffs' objections argue that the Government never justified its failure to use postal mail, never justified the use of boilerplate emails, never justified sending emails to accounts which Plaintiffs did not fully set up, and claim that the consents Plaintiffs Francis and Rodriguez provided to receive electronic correspondence were insufficient. (Objs. 13–18.) As a threshold matter, each action taken by the Government need not be "substantially justified," rather the Government's position must be "justified in substance or in the main." *Pierce*, 487 U.S. at 565. Thus, because all of these objections stem from the Government's decision to send electronic notices, the analysis here focuses on whether the Government was sustainably justified in doing so.

Magistrate Judge Cave properly concluded that the Government's pre-litigation conduct (i.e., sending discharge notices electronically rather than by mail) was substantially justified. (Report at 17.) Plaintiffs object (and largely rehash the arguments made in their original motion for attorneys' fees) that "the Government has never reasonably justified" its failure to "mail" discharge notices via the U.S. Postal Service as required by 34 C.F.R. § 685.214(f)(2).[3] Defendant argues, persuasively, that ten out of eleven loan services provided notice to borrowers and that this

---

[3] Plaintiffs also argue that Magistrate Judge Cave incorrectly concluded that the Government was substantially justified in not sending borrowers a second notice because the "regulation requiring this notice was stayed at the time TCI closed." (Objs. at 21; Report at 20.) Plaintiffs provide no case law to support their position that the Government was required to comply with a regulation that was stayed and rely solely on the fact that a court later vacated the stay. (Objs. at 21) (citing *Bauer v. DeVos*, 332 F. Supp. 3d 181, 186 (D.D.C. 2018).) That a court eventually vacated the stay the Government relied upon is of no consequence here. The question is "not what the law is when the EAJA application is made, but rather whether the government was substantially justified in believing the law not to have foreclosed its position" at the time. *Commodity Futures Trading Comm'n v. Dunn*, 169 F.3d 785, 787 (2d Cir. 1999). Thus, as Magistrate Judge Cave correctly found, the Government was substantially justified in relying on the fact that the relevant regulation requiring second notices be sent to borrowers was stayed and not in effect at time of TCI's closure when it decided not to send second notices to the Plaintiffs.

6

notice was provided by "a mix of electronic means (for students who had elected to receive electronic correspondence) and traditional mail (for students who had not elected to receive electronic correspondence)." (Def.'s Resp. at 4.) Defendant also claims its decision to provide notice electronically was substantially justified because notice in this manner comports with federal law under the E-Sign Act, 15 U.S.C. § 7001(c)(1). (Report at 15).

As the Report properly notes, the E-Sign Act provides, in relevant part, that "if a statute regulation, or other rule of law requires that information relating to a transaction . . . be provided or made available to a consumer in writing, the use of an electronic record to provide or make available . . . such information satisfies the requirement that such information be in writing" if certain requirements are met, including the consumer's affirmative consent and right to withdraw. (Report at 16) (citing 15 U.S.C. § 7001(c)(1).) Indeed, even Plaintiffs acknowledge, that "[w]here . . . the law requires that something be provided in writing, parties must provide it in writing *unless and until* the consumer has given affirmative and informed consent to receive it electronically." (Report at 16.) Given this framework, and Plaintiffs Francis and Rodriguez's election to receive correspondence from both the Department of Education and their loan servicers electronically[4], the Government's use of electronic notices was "justified to a degree that could satisfy a reasonable person."[5] *Pierce*, 487 U.S. at 565. The Government's position in this civil action, taken in its totality, is substantially justified.

---

[4] Magistrate Judge Cave correctly found that the record in this case supported a finding that Plaintiffs Francis and Rodriguez consented to receive electronic communications from the Department of Education "and its agents and contractors." (Report 17–18.) The Government provided sworn declarations evidencing that Plaintiffs Francis and Rodriguez were presented with clear terms and conditions when they elected to received communications from the Department of Education and their federal loan services via email. (Report at 4–5, 17–18.)

[5] It is undisputed that Plaintiff Quero did not receive notice in any form until shortly after the complaint in this case was filed. (Report at 18.) Plaintiffs argue that the Report provides no basis "on which the Government's action toward Mr. Quero and the similarly situated Class Members could be substantially justified." (Objs. 20.) This is inaccurate. The Report properly makes a single "substantial justification"

7

### III.   PLAINTIFFS ARE AWARDED COSTS

A separate section of the EAJA, 28 U.S.C. § 2412 (a)(1), allows for a judgment of costs to any prevailing party in an action against the United States or its officers. Generally, a "litigant who is a prevailing party for the purposes of attorney's fees is also the prevailing party for the purposes of costs." *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101 (2d Cir. 2006). Here, Plaintiffs claim they should be awarded $400 in costs. (Objs. at 21–22.) Defendant "does not dispute that Plaintiffs could be awarded costs in the amount of $400" under this section of the EAJA. (Def.'s Resp. at 1 n.2.) As such, Plaintiffs are awarded costs in the amount of $400.

### IV.   CONCLUSION

Magistrate Judge Cave's Report is ADOPTED. Plaintiffs' motion for attorneys' fees, (ECF No. 46), is DENIED. Plaintiffs are awarded costs in the amount of $400. The Clerk of Court is directed to close the motion and the case accordingly.

Dated: New York, New York
March 25, 2021

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

determination, *Jean*, 496 U.S. at 160, and considered that notice (in any form) was not provided by one of the eleven loan servicers in this case. (Report at 16.) The Report found this conduct to be substantially justified because "[a]ll but one of the student loan servicers provided timely notice, and the loan services that produced notice electronically did so only after borrowers consented to receiving electronic notice." (Report at 20.) Thus, the Report acknowledges that Mr. Quero's loan servicer did not provide notice, but made a single determination that the Government's overall conduct was substantially justified, which is all that is required. *See Jean*, 496 U.S. at 159 n.7 ("only one threshold determination for the entire civil action is to be made," as "Congress' emphasis on the underlying Government action supports a single evaluation of past conduct").

8